IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIA KURILOVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-930-N |
| | § | |
| NATURICH COSMETIC LABS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Natalia Kurilova's motion to compel discovery responses and production [27]. For the following reasons, the Court grants in part and denies in part the motion.

## I. ORIGINS OF THE DISPUTE

This is an employment whistleblower case. Naturich sells "cosmetic and body care products" "to numerous global retailers and luxury hotels." Pl.'s Am. Compl. ¶ 8 [1]. Beginning on February 6, 2023, Kurilova served as the Director of Account Management for Naturich. *Id*. ¶ 6. Now, Kurilova is suing Naturich under the Consumer Product Safety Improvement Act ("CSPIA") and the Food Safety Modernization Act ("FSMA"). *Id*. ¶ 3.

During her employment, Kurilova reported four different defective products. On October 27, 2023, Kurilova reported brown particles (burnt charcoal residue) in eye makeup remover manufactured by Naturich for Whole Foods. *Id*. ¶ 19. Naturich allegedly took the same batch of makeup remover, refiltered, and then rebottled the product. *Id*.

MEMORANDUM OPINION & ORDER – PAGE 1

On November 1, 2023, Kurilova received a client complaint of visible contaminated bacteria growth in four scents of body cream Naturich manufactured for Malie Organics. *Id.* ¶ 10. After two months, Naturich recalled all available units, but, at that point, retailers had already distributed a significant number of units. *Id.* ¶¶ 10–11. Kurilova attempted to discuss a violation of product safety standards — the lack of a "clearly marked" quarantine — with Plant Manager Mark Itzstein, but he allegedly ignored her. *Id.* ¶ 12.

On November 13, 2023, Kurilova reported that the production team found several bottles of micellar water had visible brown contamination, but that production failed to report this to management or the quality team. *Id.* ¶ 14.

Finally, on March 14, 2024, Kurilova learned that the Malie's body creams were failing microorganism testing. *Id.* ¶ 24. On March 25, 2024, Kurilova met with the president of Naturich to ask him not to attempt to mix failed batches of cream with new batches to pass testing. *Id.* ¶ 26–27. The next day, "Naturich terminated Kurilova without warning" "for making discriminatory comments." *Id.* ¶ 29.

As part of discovery, Kurilova served requests for production and interrogatories on Nautrich. Pl.'s Mot. Compel [27]. Kurilova filed this motion to compel responses to specific interrogatories and requests.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents

MEMORANDUM OPINION & ORDER – PAGE 2

are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS REQUESTS REGARDING THE AUDITS

Interrogatory No. 6 and Request for Production No. 10 ask Naturich to identify "any evaluation, audit, or investigation conducted by any federal or state agency" including the Food and Drug Administration and the Occupational Safety and Health Agency from January 1, 2020, and communications "relating to product safety, quality issues, facility inspections, or regulatory violations" from February 6, 2023. Pl.'s Mot. Compel 3–5.

MEMORANDUM OPINION & ORDER – PAGE 3

Naturich responds that Kurilova's requests should be limited to the time that the employee engaged in the alleged protected activity.  Def.'s Resp. 5 [31].

"An employee's reasonable belief that conduct violates one of those six [Sarbanes-Oxley] categories must be evaluated under both an objective and a subjective standard. The objective standard examines whether the belief would be held by 'a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee.'"  *Wallace v. Tesoro Corp.*, 796 F.3d 468, 474 (5th Cir. 2015) (citing *Allen v. Admin. Review Bd.*, 514 F.3d 468, 477 (5th Cir. 2008)).

Naturich failed to carry its burden of showing that the discovery requests are not relevant to Plaintiff's claims.  *See Heller*, 303 F.R.D. at 490 ("[T]he party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden").  Naturich argues Kurilova cannot use audits before or after her employment to establish her subjective belief.  Def.'s Resp. 9.  However, Naturich has provided no evidence to demonstrate how this would be irrelevant to establishing an *objectively* reasonable belief under *Allen*.  *See McLeod*, 894 F.3d at 1485.

The Court finds Kurilova sufficiently tailored her requests to obtain relevant discovery.  The amended complaint alleges Naturich had production issues plausibly violating cosmetic and drug standards.  *E.g.*, Pl.'s Am. Compl. ¶¶ 10, 27.  Thus, government audits could contain relevant information establishing an objectively reasonable belief, such as violations from before Kurilova's employment that continued into her employment or violative practices that Naturich changed during this time but never

MEMORANDUM OPINION & ORDER – PAGE 4

remedied. *See Nguyen v. Quality Sausage Co. LLC*, 2020 WL 2425646, at \*3 (N.D. Tex. 2020); *PIC Grp., Inc. v. Landcoast Insulation, Inc.*, 2010 WL 4791710, at \*9 (S.D. Miss. 2010) (finding that "the fact that [OSHA materials are] not a public record" nor "the volume" of material are "the standard for deciding whether it is discoverable"). Thus, the Court grants Kurilova's motion to compel responses to Interrogatory No. 6 and Request for Production No. 10.

### IV. THE COURT DENIES REQUESTS REGARDING COMPARATORS

Interrogatory No. 11 and Request for Production No. 17 asks Naturich to identify "any person who has been investigated or disciplined for conduct similar to the . . . basis for [Kurilova's] termination" and "all performance evaluations, disciplinary actions, and commendations for any . . . employee at the same level as [Kurilova] from February 6, 2023, to the present." Pl.'s Mot. Compel 6–7.

Naturich explains that it has not located any additional responsive information and has agreed to supplement with any information it finds. Def.'s Resp. 10. And, Naturich cannot produce information to prove a negative, that is, that it did not take any action against a similarly situated employee. *See Gordon v. Greenville Indep. Sch. Dist.*, 2014 WL 6603420, at \*2 (N.D. Tex. 2014) ("In a case involving claims for disparate treatment, the plaintiff is entitled to discovery of comparator data only for 'similarly situated' employees."). Accordingly, the Court finds that Naturich's response is sufficient and denies the motion to compel additional responses to Interrogatory No. 11 and Request for Production No. 17.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Kurilova's motion to compel.  The Court grants Kurilova's motion to compel Naturich to provide complete responses to Interrogatory No. 6 and Request for Production No. 10 and orders Naturich to fully respond and produce responsive documents within thirty (30) days of this Order.  The Court denies Kurilova's motion to compel as to Interrogatory No. 11 and Request for Production No. 17.

Signed June 9, 2026.

_____

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION & ORDER – PAGE 6